FILED

January 6 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0289

DA 14-0289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 2N

IN THE MATTER OF:

N.D.,

      A Youth in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN 12-38
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jeanne M. Walker, Hagen & Walker, PLLC, Billings, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney, Diane Conner, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  December 10, 2014
Decided:  January 6, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 J.D., natural father of the minor child N.D., appeals from the District Court's order filed April 3, 2014, terminating his parental rights as to N.D. and awarding permanent custody to the Montana Department of Public Health and Human Services. We affirm.

¶3 J.D. argues that the District Court erred in that order by failing to protect N.D.'s interest in maintaining a relationship with her older sister P.D., and that the order terminating his parental rights should therefore be reversed. P.D. intervened personally in the proceeding to protect her interest as a sibling in continued contact with her sister N.D.

¶4 J.D.'s argument fails to acknowledge the effect of the District Court's subsequent May 9, 2014 order in this same case, approving a permanency plan for N.D. That order resulted from an April 15, 2014 permanency hearing held pursuant to § 41-3-445, MCA, which gives the District Court discretion to enter orders that it determines to be in the best interest of the child. The County Attorney, on behalf of the State, a social worker, CASA representatives, and the attorney for P.D. were present at the hearing. All either agreed or did not object to amending the permanency plan to provide for N.D.'s adoption "with continued contact between the siblings allowed when such is in [N.D.'s] best

2

interest." While J.D. contends that the District Court cannot enforce the continued sibling contact provision, Montana law provides otherwise. Section 42-5-301(1), MCA.

¶5 The District Court accounted for and protected the interest that N.D. and P.D. have in continuing their sibling contact and that interest may be protected after adoption. This disposes of J.D.'s argument that the District Court did not protect the siblings' interest in continued contact with each other, and he has not raised any other challenge to the termination of his parental rights.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are controlled by settled Montana law, which the District Court correctly interpreted. The District Court properly exercised its discretion, and there was not an abuse of discretion.

¶7 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE